FILED

JUN 2 6 2019 EW

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE DURKIN

MAGISTRATE JUDGE COLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 781 |
| v. | ) |
| | ) |
| XIANBING GAN | ) Violations: Title 18, United States |
| a/k/a "Old Gan," and "Gary" | ) Code, Sections 1956(a)(1)(B)(i), |
| | ) 1956(h), and 1960 |
| | ) |
| | ) <u>Superseding Indictment</u> |

## COUNT ONE

The SPECIAL JANUARY 2019 GRAND JURY charges:

1. At times material to this indictment:

    a. XIANBING GAN and Haiping Pan were Chinese nationals residing in Mexico.

    b. Seok Pheng Lim was a Singaporean national and a legal permanent resident of the United States, residing in Flushing, New York.

    c. Sui Yuet Kong was a Chinese national and a legal permanent resident of the United States, residing in New York City.

2. Beginning in or about January 2016, and continuing until at least in or about October 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

XIANBING GAN, aka "Old Gan," aka "Gary,"

defendant herein, did knowingly conspire with Haiping Pan, Seok Pheng Lim, Sui Yuet Kong, and other persons known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely:

    a. to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, namely felony violations of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963 involving buying, selling, importation, and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

    b. to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, namely, felony violations of Title 21, United States Code, Sections 841, 846, 952, 959, 960, and 963 involving buying, selling, importation, and otherwise dealing in a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to

conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

3. It was part of the conspiracy that Pan contracted with Mexico-based drug trafficking organizations (DTOs) and their associates to receive bulk quantities of cash narcotics proceeds in the United States and elsewhere, launder the funds, and deliver the laundered funds to his DTO clients in Mexico.

4. It was further part of the conspiracy that GAN, Pan, Lim, Kong, and others coordinated money "pickups" in Chicago, New York, and elsewhere, at which U.S.-based drug traffickers delivered bulk quantities of cash narcotics proceeds to Lim, Kong, and others, including others working on their behalf.

5. It was further part of the conspiracy that Lim, Kong, and others delivered and caused to be delivered the cash narcotics proceeds to individuals and businesses in the United States that assisted in laundering the funds, including by receiving the cash narcotics proceeds, which were in U.S. dollars, and identifying the monetary equivalent of the cash narcotics proceeds in Chinese Yuan located in commercial bank accounts in China (the "Initial Chinese Accounts").

6. It was further part of the conspiracy that GAN, Pan, Lim, Kong, and others wired and facilitated the wiring of Yuan from the Initial Chinese Accounts to a second set of Chinese bank accounts controlled by GAN, Pan, and others (the "Secondary Chinese Accounts").

7. It was further part of the conspiracy that GAN, Pan, and others engaged in and facilitated additional transactions to convert the Yuan in the Secondary

Chinese Accounts back to U.S. dollars or Mexican Pesos, and transmitted, and caused to be transmitted, the funds to Mexico.

8. It was further part of the conspiracy that GAN, Pan, and others received the laundered proceeds, and caused the laundered proceeds to be received, in Mexico and delivered, and caused to be delivered, the laundered proceeds to Pan's DTO clients;

9. It was further part of the conspiracy that GAN, Pan, and others agreed to split the losses associated with law enforcement seizures of DTO clients' cash narcotics proceeds in the United States, including approximately $504,583 seized from Kong in New York on or about May 23, 2017.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about May 22, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

XIANBING GAN, aka "Old Gan," aka "Gary,"

defendant herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the receipt of approximately $190,000 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

# COUNT THREE

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about June 26, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

XIANBING GAN, aka "Old Gan," aka "Gary,"

defendant herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the receipt of approximately $99,910 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **COUNT FOUR**

The SPECIAL JANUARY 2019 GRAND JURY further charges:

On or about June 29, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

XIANBING GAN, aka "Old Gan," aka "Gary,"

defendant herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the receipt of approximately $249,830 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE

The SPECIAL JANUARY 2019 GRAND JURY further charges:

Beginning no later than in or about May 2018 and continuing until at least in or about June 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

XIANBING GAN, aka "Old Gan," aka "Gary,"

defendant herein, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, which was operated without a license from the State of Illinois, such operation constituting a felony under Illinois state law, 205 Ill. Comp. Stat. 657/90(h);

In violation of Title 18, United States Code, Sections 1960(a) and 2.

# FORFEITURE ALLEGATION

The SPECIAL JANUARY 2019 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18 United States Code, Sections 1956 and 1960, as set forth in this Indictment, defendant shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. The property to be forfeited includes, but is not limited to:

   a. a personal money judgment.

   b. The following specific property:

   - Approximately $492,956 in United States currency seized in Chicago on or about January 31, 2017.

   - Approximately $117,890 in United States currency seized in Chicago on or about April 25, 2017.

   - Approximately $504,583 in United States currency seized in New York on or about May 23, 2017.

3. If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as

provided by Title 21, United States Code Section 853(p) and Title 18, United States Code, Section 982(b)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY